**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 07-4990**

───────────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

LEMAR CORNELIUS FRANKLIN, a/k/a Haitian Black,

　　　　　Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (4:06-cr-00207-TLW)

───────────────

Submitted:  June 16, 2008　　　　Decided:  August 15, 2008

───────────────

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mario A. Pacella, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellant.   Reginald I. Lloyd, Assistant United States Attorney, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lemar Cornelius Franklin pled guilty pursuant to a plea agreement to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. § 846 (2000). He was sentenced to 360 months' imprisonment or the low end of the advisory Sentencing Guidelines' range of imprisonment. On appeal, Franklin's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but raising for the court's consideration whether the district court plainly erred by enhancing Franklin's offense level based on possession of a firearm. Franklin was informed of the opportunity to file a pro se supplemental brief, but did not do so. The Government did not file a brief. We affirm.

Because Franklin did not object to the firearm enhancement, review is for plain error. To establish plain error under United States v. Olano, 507 U.S. 725, 732-37 (1993), a defendant must show that (1) error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Even when these conditions are satisfied, we will exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (internal quotation and citation omitted).

The district court determines issues related to sentencing by a preponderance of the evidence standard. <u>United States v. Engleman</u>, 916 F.2d 182, 184 (4th Cir. 1990). Based on the facts in the presentence investigation report, we find there was no plain error. In any event, Franklin's offense level was determined by his career offender status. Thus, even if there was error with respect to the firearm enhancement, Franklin was not prejudiced.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Franklin's conviction and sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Franklin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>